| | |
|---|---|
| 1 | Andrei Iancu (SBN 184973) |
| | iancua@sullcrom.com |
| 2 | Robert A. Sacks (SBN 150146) |
| | sacksr@sullcrom.com |
| 3 | Emily Olsen (SBN 353281) |
| | olsenem@sullcrom.com |
| 4 | **SULLIVAN & CROMWELL LLP** |
| | 1888 Century Park East |
| 5 | Los Angeles, California 90067 |
| | Telephone:    (310) 712-6600 |
| 6 | |
| | Aviv S. Halpern (SBN 327100) |
| 7 | halperna@sullcrom.com |
| | **SULLIVAN & CROMWELL LLP** |
| 8 | 550 Hamilton Avenue |
| | Palo Alto, California 94301 |
| 9 | Telephone:    (650) 461-5600 |
| 10 | Daniel M. Cislo (SBN 125378) |
| | dan@cislo.com |
| 11 | Katherine M. Bond (SBN 263020) |
| | kbond@cislo.com |
| 12 | **CISLO & THOMAS LLP** |
| | 12100 Wilshire Blvd., Ste. 1700 |
| 13 | Los Angeles, CA 90025 |
| | Telephone: (310) 979-9190 |
| 14 | |
| | *Attorneys for Plaintiff Pepperdine University* |
| 15 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | | |
|---|---|---|---|
| 18 | PEPPERDINE UNIVERSITY, | ) | Case No. 25-1429 |
| 19 | Plaintiff, | ) ) | **DECLARATION OF AVIV S. HALPERN IN SUPPORT OF** |
| 20 | v. | ) ) ) | **PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| 21 | NETFLIX, INC. and WARNER BROS. ENTERTAINMENT INC. | ) ) | |
| 22 | | ) | |
| | Defendants. | ) | |
| 23 | | ) ) | |
| 24 | | ) | |

**DECLARATION OF AVIV S. HALPERN**

I, Aviv S. Halpern, declare and state as follows:

1. I am an attorney admitted to the Bar of the State of California and to the Bar of this Court. I am an associate at the law firm Sullivan & Cromwell LLP, counsel for Plaintiff Pepperdine University ("Pepperdine") in the above-captioned action. I respectfully submit this Declaration in support of Plaintiff's Memorandum of Points & Authorities in Support of Plaintiff's Motion for Temporary Restraining Order, dated February 20, 2025. I have personal knowledge of the facts set forth in this declaration and, if called to testify, I could and would competently testify hereto.

2. Pepperdine is the registered owner of several incontestable federal registrations for its WAVES trademarks. Pepperdine is the registered owner of U.S. Reg. Nos. 2,668,597, which was issued on December 31, 2002; 2,967,811, which was issued on July 12, 2005; and 2,903,783, which was issued on November 16, 2004. A true and correct copy of the U.S. Registration Certificates and their declarations of incontestability and notices of acknowledgement are attached hereto as **Exhibits A, B,** and **C**, respectively.

3. Attached hereto as **Exhibit D** is a true and correct copy of screen captures taken directly from Defendants' published *Running Point* trailer, posted January 30, 2025. The trailer bears the Netflix logo in the upper right-hand corner and can be found in full at *Running Point*, *Official Trailer*, Netflix, YOUTUBE (Jan. 30, 2025), https://www.youtube.com/watch?v=thA5bHMjOI4.

4. Attached hereto as **Exhibit E** is a true and correct copy of a screen capture of a social media post from a user on the social media platform X (formerly known as Twitter). The post is dated January 30, 2025 at 3:58 PM, which is shortly after the release of the *Running Point* trailer on January 30, 2025. The post states: "Did nobody at Netflix think to check whether someone (anyone!) already held a trademark on that particular WAVES logo in blue and orange?"

5. Below is a true and correct copy of a screen capture showing Google search results from a search conducted at my direction. The search consisted of the phrase "what basketball teams are in Los Angeles?" and the results list the Pepperdine Waves and include a logo.



6. Below is a true and correct copy of a screen capture showing Google search results from a search conducted at my direction. The search consisted of the phrase "Los Angeles waves basketball" and the first result is for the Pepperdine Waves basketball program. Several other results also expressly mention or link to Pepperdine's Waves.



7. Below is a true and correct copy of a screen capture (with two red annotations added) showing search results on the United States Patent and Trademark Office website from a search conducted at my direction. The search of registered trademarks consisted of the word "waves," and two of Pepperdine's trademarks appear on the first page of the results, as annotated in red.



8. I understand that Pepperdine engaged in good-faith discussions with Defendants in an effort to resolve this dispute out of court, but, as of the date of this Declaration, no resolution has been reached. I understand that on February 11, 2025, Pepperdine's General Counsel reached out to Defendants and had an informal discussion with a representative from Warner Bros.

9. Attached hereto as **Exhibit F** is a true and correct copy of subsequent email communications between Pepperdine's General Counsel and Warner Bros. counsel. Based on a review of those communications, on February 12, 2025, a Warner Bros. representative emailed

Pepperdine's General Counsel that the *Running Point* writers were "inspired by the Southern California vibe" and that Warner Bros. had "confirmed the font/logo was an original creation of [its] Art Director" and that the framed "37" jersey was "randomly" chosen as a "number[] that [was] not tied to actual Lakers players." In separate email thread on February 14, 2025, the Warner Bros. representative invited Pepperdine's General Counsel to a screening of the *Running Point* series but did not indicate that Warner Bros. would consider delaying *Running Point*'s release or altering the WAVES marks. Then, in a separate email thread on February 18, 2025, the Warner Bros. representative contacted Pepperdine's General Counsel to cancel the scheduled pre-screening.

10. Attached hereto as **Exhibit G** is a true and correct copy of a cease-and-desist letter dated February 12, 2025 sent from Pepperdine's outside counsel to the Defendants and others, describing the alleged infringement.

11. Attached hereto as **Exhibit H** is a true and correct copy of a letter following up on the cease-and-desist letter sent dated February 17, 2025, sent from Pepperdine's outside counsel to the Defendants and others.

12. Attached hereto as **Exhibit I** is a true and correct copy of a February 19, 2025 email communication from a lawyer at the law firm Fross Zelnick Lehrman & Zissu, P.C. ("Fross Zelnick"), counsel to Warner Bros., and sent to Pepperdine's outside counsel in connection with the cease-and-desist letter. The email indicates that Fross Zelnick "has just been retained by Warner Bros. Entertainment Inc. in connection with your letters of February 12 and 17, 2025 (which our client only received yesterday). We are discussing the matter with our client and I expect to be able to get you a substantive response soon."

13. I understand that, as of the date and time of this Declaration, Pepperdine has yet to receive a substantive response to its February 12, 2025 cease-and-desist letter or to the February 17, 2025 follow-up letter. I further understand that Pepperdine has not received any indication that Netflix or Warner Bros. intend to delay the *Running Point* series release or change/remove Pepperdine's mark.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 day of February, 2025 in Oakland, California.

                                            Aviv S. Halpern