UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPERDINE UNIVERSITY,<br><br>   Plaintiff,<br><br>   v.<br><br>NETFLIX, INC., WARNER BROS. ENTERTAINMENT INC., and KALING INTERNATIONAL, INC.,<br><br>   Defendants. | Case No.: 2:25-cv-01429-CV (ADSx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOC. # 40]** |

On April 18, 2025, Defendants Netflix, Inc. ("Netflix"), Warner Bros. Entertainment Inc. ("Warner"), and Kaling International, Inc. ("Kaling") filed Defendants' Notice of Motion and Motion to Dismiss First Amended Complaint ("Motion"). In the Motion, Defendants seek dismissal of Plaintiff Pepperdine University's First Amended Complaint ("FAC") because *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), and Ninth Circuit cases applying it bar Plaintiff's claims that Defendants' television series, *Running Point*, violated Plaintiff's trademark rights in its "Waves" marks.

1

As the Court determined when it denied Plaintiff's request for a Temporary Restraining Order, *see* Dkt. 26, the *Rogers* test applies to Plaintiff's Lanham Act claims because (1) *Running Point* is an expressive work; and (2) Defendants are not using the Waves marks as source-identifiers. *See id*. at 7. Once applied, *Rogers* bars Plaintiff's claims because Plaintiff cannot show that Defendants' alleged use of the Waves marks (1) lacks artistic relevance; or (2) explicitly misleads consumers about the source of *Running Point*. *See id*. at 7-8. None of the factual allegations Plaintiff has added in its FAC affect the Court's previous analysis under *Rogers*. *See, e.g.*, *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 901-02 (9th Cir. 2002); *Louis Vuitton Malletier S. A. v. Warner Bros. Ent. Inc.*, 868 F. Supp. 2d 172, 177-84 (S.D.N.Y. 2012); *Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1275-79 (11th Cir. 2012); *JTH Tax LLC v. AMC Networks Inc.*, 694 F. Supp. 3d 315, 323-27, 330-41 (S.D.N.Y. 2023); *Down to Earth Organics, LLC v. Efron*, 2024 WL 1376532, at *4-*9 (S.D.N.Y. Mar. 31, 2024); *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1115-19 (C.D. Cal. 2024) (on appeal); *Hara v. Netflix, Inc.*, 2023 WL 6812769 at *1-*4 (C.D. Cal. Aug. 23, 2023) (on appeal). Incidental references to the Waves found in things like a party invitation, an actor's post about his work on the show, or a writer's post on the series that involves the team the Los Angeles Waves do not identify Plaintiff as the source of the series. To the contrary, the title cards and credits of the series—the product or good at issue—make repeatedly and plainly clear that Netflix, Warner, and Kaling are the sources of the show. Advertising stills from the series promoting the series state the same. Defendants' First Amendment defense applies equally to Plaintiff's state law claims, none of which can survive scrutiny under *Rogers*. *See, e.g.*, *E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1101 (9th Cir. 2008); *ANT v. McPartlin*, 2010 WL 11520033, at *2, *5 (C.D. Cal. Aug. 5, 2010).

Even setting *Rogers* aside, Plaintiff fails to state a claim that Defendants are liable for third parties' alleged infringement of the Waves marks. Plaintiff has not

1  alleged that Defendants intentionally induced that infringement; knew or had reason
2  to know about the infringement; or had direct control and monitoring of the websites
3  used by the alleged third-party infringers.  See *Y.Y.G.M. SA v. Redbubble, Inc.*, 75
4  F.4th 995, 1000-1001 (9th Cir. 2023); *Lockheed Martin Corp. v. Network Sol., Inc.*,
5  194 F.3d 980, 984 (9th Cir. 1999).
6        Plaintiff likewise cannot maintain a claim for trademark dilution under
7  California law because of the non-commercial use exception to dilution liability.
8  *See, e.g.*, *Mattel, Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1126 n.1, 1154
9  n.53 (C.D. Cal. 1998), *aff'd*, 296 F.3d 894; *Roxbury Ent. v. Penthouse Media Grp.,
10 Inc.*, 669 F. Supp. 2d 1170, 1173, 1175 n.8 (C.D. Cal. 2009).
11       Finally, Plaintiff cannot maintain claims for false advertising under federal
12 and California law because mere alleged use of an infringing trademark does not
13 meet the required showing that Defendants made a false statement about either
14 Plaintiff's product or their own.  *See, e.g.*, *Gearsource Holdings, LLC v. Google
15 LLC*, 2020 WL 3833258, at *12 (N.D. Cal. July 8, 2020); *Mossack Fonseca & Co.,
16 S.A. v. Netflix Inc.*, 2020 WL 8509658, at *1-3 (C.D. Cal. Dec. 23, 2020).  Plaintiff
17 has identified no specific false statement about Plaintiff's product or about the
18 *Running Point* series.
19       Plaintiff already had a chance to amend its complaint.  Further amendment
20 would be futile because, as demonstrated by the FAC, Plaintiff can make no
21 additional allegations that would avoid or overcome the *Rogers* test.  *See, e.g.*,
22 *Haas*, 750 F. Supp. 3d at 1119; *McGillvary v. Netflix, Inc.*, 2024 WL 3588043, at
23 *13 (C.D. Cal. July 30, 2024).
24 ///
25 ///
26 ///
27
28

1    Therefore, the Court, having considered Defendants' Motion and good cause
2 having been found, hereby GRANTS the Motion and ORDERS the dismissal of
3 Plaintiff's First Amended Complaint without leave to amend.
4
5 **IT IS SO ORDERED.**
6
7  Dated:
                                         _____
8                                        HON. CYNTHIA VALENZUELA
                                         UNITED STATES DISTRICT JUDGE
9