DANIEL M. PETROCELLI (SBN 97802)
dpetrocelli@omm.com
MATT KLINE (SBN 211640)
mkline@omm.com
AMY R. LUCAS (SBN 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067
Tel: (310) 553-6700
Fax: (310) 246-6779

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPERDINE UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., WARNER BROS. ENTERTAINMENT INC., and KALING INTERNATIONAL, INC.,<br><br>Defendants. | Case No. 2:25-cv-01429-CV (ADSx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS**<br><br>*[Filed concurrently with Declaration of Matt Kline; [Proposed] Order]*<br><br>Hearing Date:  June 13, 2025<br>Time:  1:30 p.m.<br>Place:  Courtroom 5D<br>Judge:  Hon. Cynthia Valenzuela |

## NOTICE OF MOTION TO STAY DISCOVERY

## PENDING MOTION TO DISMISS

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 13, 2025, at 1:30 p.m. or as soon thereafter as the matter may be heard, in the United States District Court, Central District of California, U.S. Courthouse, 350 West First Street, Los Angeles, California 90012, Courtroom 5D, before the Honorable Judge Cynthia Valenzuela, Defendants Netflix, Inc., Warner Bros. Entertainment Inc., and Kaling International, Inc. will, and hereby do, move the Court for an order to stay discovery pending the resolution of Defendants' Motion to Dismiss all of Plaintiff Pepperdine University's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. 40, and the Court either dismissing the case or determining that Pepperdine has alleged a viable claim so Defendants must file an answer.  Ample authority supports granting this relief.  *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014); *Gerritsen v. Warner Bros. Ent. Inc.*, 2015 WL 4570081, at *2-3 (C.D. Cal. Mar. 2, 2015); *Mireskandari v. Daily Mail & Gen. Trust PLC*, 2013 WL 12129944, at *2-5 (C.D. Cal. Jan. 14, 2013); *Farah v. Esquire Mag.*, 736 F.3d 528, 534 (D.C. Cir. 2013).

The Motion is based on this Notice of Motion; the accompanying memorandum of points and authorities and Declaration of Matt Kline; the papers and records on file in this action; and such other written and oral argument as may be presented to the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via various email exchanges and via Zoom on April 25, 2025. Defendants' counsel discussed with Pepperdine's counsel Defendants' intent to file this Motion and stated the grounds for doing so.  Pepperdine opposes staying discovery and this motion.

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

Dated:  May 9, 2025          By: */s/ Matt Kline*

Daniel M. Petrocelli
Matt Kline
Amy R. Lucas
O'MELVENY & MYERS LLP

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................1

II.     BACKGROUND .....................................................................................2

III.    LEGAL STANDARD ............................................................................5

IV.    A STAY IS WARRANTED UNDER ALL THREE TESTS. ..........................7

   A.    Test 1:  Defendants' MTD Would Dispose of the Entire Case and Can Be Decided Absent Discovery. ....................................................................7

   B.    Test 2:  A Preliminary Peek at Defendants' MTD Reveals an Immediate and Clear Possibility that It Will Be Granted. ...............................................8

   C.    Test 3:  Additional Factors Also Weigh Heavily in Favor of a Stay. ...........9

V.     CONCLUSION.....................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Otro Lado, Inc. v. Nielsen*,
2018 WL 679483 (S.D. Cal. Jan. 31, 2018) ..................................................9

*Anders v. Cal. State Univ., Fresno, et al.*,
2021 WL 3021454 (E.D. Cal. July 16, 2021) ..............................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................1, 6, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................6

*Bride v. Snap Inc.*,
2022 WL 17184600 (C.D. Cal. Oct. 21, 2022) ...........................................7

*Brown v. Elec. Arts, Inc.*,
724 F.3d 1235 (9th Cir. 2013) ......................................................................8

*Chudasama v. Mazda Motor Corp.*,
123 F.3d 1353 (11th Cir. 1997) ..........................................................7, 8, 10

*Dillinger, L.L.C. v. Elec. Arts, Inc.*,
2010 WL 1945739 (S.D. Ind. May 11, 2010) ..........................................2, 10, 11

*Duran v. City of Porterville*,
2013 WL 12430031 (E.D. Cal. Jan. 17, 2013) ...........................................6

*Farah v. Esquire Mag.*,
736 F.3d 528 (D.C. Cir. 2013) .................................................................1, 2

*Gerritsen v. Warner Bros. Ent. Inc.*,
2015 WL 4570081 (C.D. Cal. Mar. 2, 2015) .............................................1, 6

*Haas Automation, Inc. v. Steiner*,
750 F. Supp. 3d 1107 (C.D. Cal. 2024)........................................................8

*Jack Daniel's Props., Inc. v. VIP Prods. LLC*,
599 U.S. 140 (2023) .................................................................................3, 8

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

*Jarvis v. Regan*,
    833 F.2d 149 (9th Cir. 1987) ................................................................... 6

*Joseph v. Koh, et al.*,
    2020 WL 5824491 (N.D. Cal. Oct. 1, 2020) .......................................... 9

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................... 5

*Leszczynski v. Kitchen Cube LLC*,
    2024 WL 1684475 (C.D. Cal. Mar. 14, 2024) ....................................... 6

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) ............................................................. 5, 7

*Luna v. Girgis*,
    2022 WL 3012167 (C.D. Cal. June 30, 2022) .......................... 2, 7, 8, 9

*McGillvary v. Netflix, Inc.*,
    2024 WL 3588043 (C.D. Cal. July 30, 2024) ........................................ 8

*Mireskandari v. Daily Mail & Gen. Trust PLC*,
    2013 WL 12129944 (C.D. Cal. Jan. 14, 2013) ........................ 1, 2, 9, 11

*Moldea v. New York Times Co.*,
    137 F.R.D. 1 (D.D.C. 1990) ................................................................. 11

*Morris v. Barra*,
    2012 WL 4900203 (S.D. Cal. Oct. 15, 2012), *aff'd*, 2012 WL 5928144
    (S.D. Cal. Nov. 26, 2012) ...................................................................... 6

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014) .............................................................. 1, 6

*Nguyen v. BMW of N. Am., LLC*,
    2021 WL 2284113 (S.D. Cal. June 4, 2021) ....................................... 10

*Openiano v. Hartford Life & Annuity Ins. Co.*,
    2018 WL 9516045 (S.D. Cal. Oct. 16, 2018) ........................................ 9

*Patten v. Deschamps*,
    2018 WL 6307895 (C.D. Cal. Sept. 7, 2018) ........................................ 7

*Punchbowl, Inc. v. AJ Press, LLC*,
   90 F.4th 1022 (9th Cir. 2024).......................................................................3, 8

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*,
   2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) ..............................................7

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989) ...........................................................................1

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987).......................................................................6, 7

*Sanchez v. Seibel*,
   2019 WL 13038318 (C.D. Cal. July 11, 2019), *aff'd*, 830 F. App'x 943
   (9th Cir. 2020) ................................................................................................7

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) ...................................................................6, 8

*Twentieth Century Fox Television v. Empire Distrib., Inc.*,
   875 F.3d 1192 (9th Cir. 2017)........................................................................8

**Rules**

Fed. R. Civ. P. 26(c) ..............................................................................................5

Fed. R. Civ. P. 26(f).................................................................................................5

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

## I.    **<u>INTRODUCTION</u>**

Defendants respectfully request that the Court stay discovery in this matter until it resolves Defendants' Motion to Dismiss set for hearing on June 20, 2025. *See* Dkt. 40 ("MTD").  In denying Pepperdine's TRO motion filed at the outset of the case, the Court ruled that Pepperdine had "not met its burden of establishing a likelihood of success on the merits," given the First Amendment defense available to Defendants under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989).  Order Denying Mot. for TRO [Dkt. 26] ("Order") at 8.  Merely filing a complaint, or now a First Amended Complaint ("FAC"), does not "unlock the doors of discovery" for Pepperdine.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).  This Court should stay discovery until it resolves whether Pepperdine has pled a viable claim.  *See, e.g.*, *Gerritsen v. Warner Bros. Ent. Inc.*, 2015 WL 4570081, at *2-3 (C.D. Cal. Mar. 2, 2015) (Morrow, J.) (granting equivalent relief in case involving the movie *Gravity*).

Pepperdine's aggressive approach to this lawsuit—including filing a TRO, needlessly suing Mindy Kaling's company, and demanding immediate and invasive discovery of the various creative teams—highlights the need to grant this motion. When First Amendment freedoms are at stake, "[p]ermitting discovery to proceed would expose defendants to … intrusive, expensive, and expression-chilling discovery …. *As other courts have recognized, a chilling effect on free speech can constitute irreparable injury*."  *Mireskandari v. Daily Mail & Gen. Trust PLC*, 2013 WL 12129944, at *3 (C.D. Cal. Jan. 14, 2013); *see also Farah v. Esquire Mag.*, 736 F.3d 528, 534 (D.C. Cir. 2013).[1]

Courts in this Circuit consider three different tests in deciding whether to stay discovery pending a potentially dispositive motion.  Each is satisfied here:

<u>First</u>, Defendants' MTD would dispose of this entire case and can be decided absent discovery.  *See Luna v. Girgis*, 2022 WL 3012167, at *2-3 (C.D. Cal. June

---

[1] Unless noted, internal cites and quote marks are omitted and emphases added.

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

30, 2022).  Pepperdine alleges a host of claims under the Lanham Act and California law, but as Defendants' MTD shows, courts have dismissed each such claim under *Rogers* and its Ninth Circuit progeny, and at the pleading stage.  *See* MTD at 7-8 & nn.3-5 (collecting cases).

Second, a "preliminary peek" at Defendants' MTD reveals that there is "an *immediate and clear possibility* that it will be granted."  *Luna*, 2022 WL 3012167, at *2 (emphasis in original).  The fact that the Court denied Pepperdine's request for a TRO—finding that "Pepperdine cannot succeed" on its Lanham Act claims, Order at 8—more than justifies briefly delaying discovery.

Third, other factors courts consider weigh heavily in favor of a stay.  *See Luna*, 2022 WL 3012167, at *2.  Among them, *Running Point* is expressive speech, and the public "has an interest in maintaining the protection of free expression." *Mireskandari*, 2013 WL 12129944, at *5; *see Dillinger, L.L.C. v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010) (staying discovery pending MTD in trademark case in light of First Amendment defenses to all claims); *Farah*, 736 F.3d at 534 ("summary proceedings are essential in the First Amendment area because if a suit entails long and expensive litigation, then the protective purpose of the First Amendment is thwarted even if the defendant ultimately prevails").

## II.   BACKGROUND

Pepperdine is a private university in Malibu.  FAC [Dkt. 36] ¶ 17; Order at 3. Its athletic teams are called the "Waves," and the university owns three registered Waves trademarks and claims other common law rights.  FAC ¶¶ 22-23, 33, 36, 38; Order at 3-4.  *Running Point* is a fictional comedy series inspired by the real family that runs the Los Angeles Lakers.  FAC ¶¶ 42-43; Order at 3.  The series follows protagonist Isla Gordon, who unexpectedly becomes president of a famous pro basketball franchise called the "Los Angeles Waves."  *Id*.

Pepperdine claims that Defendants are using "Pepperdine's registered trademarks without permission" in *Running Point*.  FAC ¶ 1; Order at 4.  On

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

February 20, 2025, Pepperdine moved for a TRO, seeking to enjoin Defendants from releasing the first season of *Running Point*. TRO [Dkt. 2-1]. Following extensive briefing and argument, the Court denied the request. Order at 3, 8. It held that "Defendants are not using the Waves Marks as source identifying marks," as defined by the Supreme Court in *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 144 (2023). Order at 7. "Defendants' only product at issue is the *Running Point* series, and there is no showing that Defendants have suggested that Pepperdine is the source of the series." *Id.* Therefore, the *Rogers* test—announced by the Second Circuit, and adopted by the Ninth Circuit—governs. *Id.* (citing, *e.g.*, *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1028 (9th Cir. 2024)).

Applying the test, the Court found that (1) "Defendants' use of the Waves Marks is artistically relevant to the *Running Point* series"; and (2) "Defendants' use of the Waves Marks does not explicitly mislead consumers as to the source of the work." Order at 7-8. The Court held that the Lanham Act did not apply, and "Pepperdine *cannot succeed* on its claims for trademark infringement and false designation of origin," *id.* at 8—the claims it pressed in its TRO, *id.* at 4 n.2; *see id.* at 8 (Pepperdine has "not met its burden of establishing a likelihood of success").

On March 28, 2025, Pepperdine filed its FAC, attempting to plead around *Rogers*. It asserted the legal conclusion that Defendants use the Waves marks "in a manner that is source-identifying for the *Running Point* series," FAC ¶ 71, claiming—for example—that the Waves marks appear throughout the series itself; on "chairs around the set"; on a shirt worn by show creator Mindy Kaling in an Instagram post; on *Running Point* series premiere tickets; and in actors' social media posts, *id.* ¶¶ 4-5, 47, 67-69, 76-81. Although Pepperdine states that it "anticipates that Defendants may seek to promote" *Running Point* by "selling merchandise," *id.* ¶ 64, it does not allege—nor could it—that Defendants have actually done so. Rather, it claims that third parties unrelated to Defendants have begun "selling several variations of Waves-branded merchandise." *Id.* ¶¶ 87, 89-91.

- 3 -

Pepperdine did not, and cannot, allege that the series *Running Point* itself refers to Pepperdine or any of its sports teams.  Rather, as the Court found, *Running Point*'s title cards and credits refer accurately to the show's producers, which include Warner, Netflix, and Ms. Kaling.  Order at 7-8; *see also* Kline Decl. ISO MTD [Dkt. 40-1], Ex. A, Episode No. 101 at 00:00-00:16, 29:23-29:38; *see* FAC ¶ 84 ("[W]hen a viewer accesses an episode of *Running Point*, they are first greeted by the Netflix logo.  The viewer then sees the Warner Bros. logo….  And at the end of each episode, the credits list the various contributors to the show … , followed by images displaying 'Kaling International, Inc.,' 'Warner Bros. Television' and lastly, 'Netflix.'").  Each episode also contains a disclaimer:  "The characters and events depicted in this motion picture are fictional.  Any similarity to any actual persons, living or dead, or to any actual events, firms, and institutions or other entities, is coincidental and unintentional."  Kline Decl. ISO MTD, Ex. A, Episode Nos. 101-110 at 29:20.  And *Running Point*'s ten episodes include myriad plot lines, not one of which references Pepperdine or its sports teams.  *See* MTD at App. A.

On April 18, 2025, Defendants filed their MTD, noting that Pepperdine had failed to state any claim upon which relief could be granted.  *See* MTD at 6-21.  As set forth in the MTD, the *Rogers* test should apply because *Running Point* is an expressive work that does not use the Los Angeles Waves fictional team name and fictional logos to identify the source of the series.  *Id.* at 8-16.  The *Rogers* test bars Pepperdine's claims because Defendants' use of the fictional team name and fictional logos is artistically relevant to the series and does not explicitly mislead consumers.  *Id.* at 16-18.  "Nothing in the FAC—not premiere tickets or stray social media photos—changes the Court's prior conclusion" that *Rogers* applies and bars Pepperdine's claims.  *Id.* at 1.  Defendants also argued that Pepperdine's (1) attempt to hold Defendants liable for unrelated third-party merchandise sales has no basis in law; (2) state-law trademark dilution claim fails not only under *Rogers* but also the non-commercial use exception; and (3) false advertising claims fail because the

- 4 -

FAC does not identify any false statements Defendants made about any party's products. *Id*. at 1-2, 18-21. Defendants' MTD is set for hearing on June 20, 2025.

On April 25, 2025, at Pepperdine's insistence, the parties held a conference under Federal Rule of Civil Procedure 26(f). Decl. of Matt Kline ¶¶ 2-6. From the moment Pepperdine requested a conference, Defendants maintained that discovery should not begin before the Court decided Defendants' MTD, and noted that Defendants would move for a stay if Pepperdine started propounding discovery. *Id*. ¶¶ 2-6, Exs. 1-2. On April 28, 2025, Pepperdine served 6 Interrogatories and 33 Requests for Production. *Id*. ¶¶ 8-10, Exs. 3-4. Pepperdine has also asked to take an unlimited number of depositions, as long as the total hours for the depositions do not exceed 70 hours—meaning it could depose scores of creative talent associated with the series. *Id*. ¶ 7. Addressing this invasive discovery will require Defendants to expend substantial resources. *Id.* ¶ 11; *e.g., id*. Ex. 4 at RFP Nos. 17 ("[a]ll Documents Relating to Your evaluation and determination to use the colors, fonts, and/or logos used to identify and brand the "Waves" team depicted in *Running Point*, including but not limited to Your evaluation and selection of the color palette, logo design, shirts, team uniforms, and any other relevant visual or aesthetic considerations"); 28 ("[a]ll communications or other Documents Concerning the use or display of the 'Waves' logos or marks used in *Running Point*").

## III.   **LEGAL STANDARD**

The Court has "the power to stay proceedings," which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Federal Rule of Civil Procedure 26(c) specifically authorizes courts to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

"The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without subjecting themselves to discovery*." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order"). As the Ninth Circuit has observed, "plaintiffs must satisfy … pleading requirements … *before* the discovery stage, not after it." *Mujica*, 771 F.3d at 593; *accord Iqbal*, 556 U.S. at 678-79 (the "doors of discovery" are not "unlock[ed] … for a plaintiff armed with nothing more than conclusions"). Discovery is premature when a plaintiff has not stated a viable claim for relief. *E.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court"); *id*. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process"). As Judge Morrow summed it up, "[u]nder controlling Ninth Circuit precedent, the court lacks discretion to permit [plaintiff] to begin discovery until … it has determined that [plaintiff] has stated plausible claims for relief by denying a Rule 12(b)(6) motion." *Gerritsen*, 2015 WL 4570081, at *2.[2]

---

[2] *See also, e.g.*, *Leszczynski v. Kitchen Cube LLC*, 2024 WL 1684475, at *2 (C.D. Cal. Mar. 14, 2024) ("Discovery is considered premature when the case is still in the pleading stage."); *Duran v. City of Porterville*, 2013 WL 12430031, at *2 (E.D. Cal. Jan. 17, 2013) ("Until this motion [to dismiss] is resolved, the operative pleadings and issues have not properly been framed. Thus, discovery concerning the merits of Plaintiff's pleadings is premature."); *Morris v. Barra*, 2012 WL 4900203, at *2 (S.D. Cal. Oct. 15, 2012), *aff'd*, 2012 WL 5928144 (S.D. Cal. Nov. 26, 2012) ("Given that this case is still in the pleading stage, the Court finds that merits-based discovery is inappropriate at this time, as its relevancy is outweighed by the burden and expense of production."); *Sanchez v. Seibel*, 2019 WL 13038318, at *1 (C.D. Cal. July 11, 2019),

- 6 -

Staying discovery pending a dispositive motions "furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685. "[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action," courts "requiring costly and time consuming discovery and trial work would represent an abdication of … judicial responsibility." *Rutman*, 829 F.2d at 738.

The Ninth Circuit has not dictated one particular standard courts should apply in determining whether to stay discovery pending the resolution of a potentially dispositive motion. *See Luna*, 2022 WL 3012167, at *2; *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). Rather, courts have adopted three different approaches that they sometimes combine in exercising their discretion. *See Luna*, 2022 WL 3012167, at *2; *Bride v. Snap Inc.*, 2022 WL 17184600, at *2-3 (C.D. Cal. Oct. 21, 2022); *see also, e.g.*, *Patten v. Deschamps*, 2018 WL 6307895, at *1 (C.D. Cal. Sept. 7, 2018) (combining approaches). Each is met here.

## IV. **A STAY IS WARRANTED UNDER ALL THREE TESTS.**

### A. **Test 1: Defendants' MTD Would Dispose of the Entire Case and Can Be Decided Absent Discovery.**

It is appropriate to stay discovery where (1) a pending motion is "potentially dispositive of the entire case," and (2) it "can be decided absent additional discovery." *Luna*, 2022 WL 3012167, at *2; *Quezambra*, 2019 WL 8108745, at *2.

First, Defendants' MTD, if granted, disposes of Pepperdine's entire case because—as that Motion shows—none of Pepperdine's claims survive *Rogers*. *See* MTD at 6-18. *Rogers* applies where "the allegedly infringing use of a mark is part of an expressive work protected by the First Amendment and the mark is not used

---

*aff'd*, 830 F. App'x 943 (9th Cir. 2020) ("Good cause exists to stay discovery while a motion to dismiss is or will be pending."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins.").

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

to designate the source of [the alleged infringer's] own [products]." *McGillvary v. Netflix, Inc.*, 2024 WL 3588043, at *13 (C.D. Cal. July 30, 2024) (quoting *Punchbowl*, 90 F.4th at 1027, and *Jack Daniel's*, 599 U.S. at 145).

As this Court has already determined, *Running Point* is an expressive work. *See* Order at 7; *see Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017) ("The *Empire* television show itself is clearly an expressive work"). And as Defendants showed in their MTD, all of the federal and state-law claims that Pepperdine pleads in its FAC have been subject to pleading-stage dismissal under *Rogers*. MTD at 7-8 & nn.3-5.

Second, *Rogers* motions are often decided on the face of the pleadings. *See* MTD at 7 n.3 (collecting cases); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) (there is "no problem with the district court deciding" issues under *Rogers* "in response to a motion to dismiss"); *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1119 (C.D. Cal. 2024) (on appeal) (granting motion to dismiss and denying leave to amend; plaintiff could "make no additional allegations to avoid the *Rogers* test"); *McGillvary*, 2024 WL 3588043, at *12-13 (dismissing infringement claim under *Rogers*; "the *Rogers* test renders any amendment futile"). Because courts accept as true well-pleaded factual allegations in a complaint, Defendants' *Rogers*-based MTD requires no further factual development or discovery. *See Iqbal*, 556 U.S. at 678; *Chudasama*, 123 F.3d at 1367.

**B.     Test 2:  A Preliminary Peek at Defendants' MTD Reveals an Immediate and Clear Possibility that It Will Be Granted.**

A second test courts apply to decide stay motions calls for "the court to take a preliminary peek at the merits of the allegedly dispositive motion" and "see if[,] on its face[,] there appears to be an *immediate and clear possibility* that it will be granted." *Luna*, 2022 WL 3012167, at *2 (emphasis in original).[3]

---

[3] *See also, e.g.*, *Tradebay*, 278 F.R.D. at 603, 608 (applying preliminary peek test and granting motion to stay pending resolution of MTD; noting "a stay of discovery while the motion to dismiss is pending will best accomplish the objectives of Rule 1,

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

That test is easily met, given the ruling on Pepperdine's unsuccessful TRO motion.  Having considered multiple rounds of briefing and lengthy oral arguments, the Court concluded that "the Lanham Act does not apply, and Pepperdine cannot succeed on its claims for trademark infringement and false designation of origin," and that "Pepperdine has not met its burden of establishing a likelihood of success on the merits."  Order at 8.  Courts in similar circumstances have granted motions to stay.  *E.g.*, *Anders v. Cal. State Univ., Fresno, et al.*, 2021 WL 3021454, at *2, *4-5 (E.D. Cal. July 16, 2021) (staying discovery pending ruling on MTD where motion for preliminary injunction was "largely den[ied]" due to finding that plaintiffs "did not have a likelihood of success on the merits"); *Joseph v. Koh, et al.*, 2020 WL 5824491, at *2-3 (N.D. Cal. Oct. 1, 2020) (staying discovery "until such time as the court determines that a viable claim has been alleged"; court denied request for TRO due to lack of "viable claim").

**C.    Test 3:  Additional Factors Also Weigh Heavily in Favor of a Stay.**

Other courts consider a longer balancing test in considering stay motions. The list of factors includes: whether the motion presents a question of law; the complexity of the case; whether counterclaims and/or cross-claims have been asserted; whether all defendants join in the stay motion; the expected extent of discovery; and possible prejudice to the parties and public.  *See Luna*, 2022 WL 3012167, at *2; *Mireskandari*, 2013 WL 12129944, at *2.

These factors also favor a stay.  Defendants move to dismiss all claims, challenging them as a matter of law under *Rogers*; all Defendants seek a stay; and

---

to secure the just, speedy and inexpensive determination of this action"); *Al Otro Lado, Inc. v. Nielsen*, 2018 WL 679483, at *2-3 (S.D. Cal. Jan. 31, 2018) (granting motion to stay discovery where "preliminary peek" revealed defendants' MTD "poses strong arguments that present a 'clear possibility' the pending Motion might be granted"); *Openiano v. Hartford Life & Annuity Ins. Co.*, 2018 WL 9516045, at *1-2 (S.D. Cal. Oct. 16, 2018) (granting motion to stay discovery where review of motion for judgment on the pleadings revealed "immediate and clear possibility that it will be granted" even if plaintiff had arguments that might "ultimately win the day").

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

no parties have asserted cross or counterclaims.  Moreover, the case involves many claims—Pepperdine asserts eight causes of action, FAC at 1, including challenging what is plainly third-party conduct, *see* MTD at 18-19—and Pepperdine seeks a variety of relief, including injunctions, treble damages, and orders to engage in "corrective advertising," FAC at 60-61.  In aid of these claims, Pepperdine has served invasive written and document discovery, needlessly added Mindy Kaling's company as a party, and sought to take more than the regularly permitted 10 depositions, arguing it should have 70 hours to depose as many people as it wants.

Furthermore, this litigation has been pending for only three months and is in its early stages, with no trial date set.  Defendants noticed their MTD to be heard on the first mutually agreeable, available date—weeks from now, on June 20.  A brief discovery delay (if the MTD is denied) will prejudice no one.  *E.g.*, *Dillinger*, 2010 WL 1945739, at \*1 ("avoiding potentially unnecessary discovery costs—and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary—will not significantly prejudice [plaintiff], and may indeed even operate to its benefit").

In contrast, moving forward with discovery now plainly harms Defendants.  The "significant costs" imposed include "time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; … and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged."  *Chudasama*, 123 F.3d at 1367; *see Nguyen v. BMW of N. Am., LLC.*, 2021 WL 2284113, at \*4 (S.D. Cal. June 4, 2021) ("requiring Defendant to engage in discovery that may not be permitted or accepted later if the matter is sent to arbitration would be prejudicial to Defendant").  Discovery also imposes a burden on the Court.  *E.g.*, *Nguyen*, 2021 WL 2284113, at \*4 (a "stay also will allow the

Court to avoid any potentially unnecessary judicial expenditures").

Finally, public interest favors a stay. *Running Point* is an expressive work, and the public "has an interest in maintaining the protection of free expression." *Mireskandari*, 2013 WL 12129944, at *5. Pepperdine's meritless attempt to force Defendants to shelve *Running Point* via the failed TRO was already burden enough. The chill and expense of discovery should not be further foisted onto the series or its creators, as Pepperdine seeks to saddle them with document review and scores of depositions, all while Defendants' MTD is pending. *See id.* at *3, *5 (granting stay; "[p]ermitting discovery to proceed would expose defendants to … intrusive, expensive, *and expression-chilling discovery*"); *Dillinger*, 2010 WL 1945739, at *1-2 (granting stay of discovery pending resolution of MTD in trademark case where First Amendment defenses asserted to all claims); *Moldea v. New York Times Co.*, 137 F.R.D. 1, 1-2 (D.D.C. 1990) (on second motion, granting stay of discovery pending resolution of motion for summary judgment where case raised "significant First Amendment issues," further discovery was unnecessary to oppose the motion, and "any stay entered would be brief"). This approach is also in accord with the animating speech-protecting purposes of California's anti-SLAPP laws, which govern Pepperdine's state-law claims. *See* MTD at 22 n.11.

## V.   CONCLUSION

Defendants' motion to stay should be granted.

Dated:  May 9, 2025

By: */s/ Matt Kline*

Daniel M. Petrocelli
Matt Kline
Amy R. Lucas
O'MELVENY & MYERS LLP

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)

### <u>Certificate of Compliance (Local Rule 11-6.2)</u>

The undersigned, counsel of record for Defendants Netflix, Inc., Warner Bros. Entertainment Inc., and Kaling International, Inc., certifies that this memorandum of points and authorities is 11 pages long, including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, this certification, and any indices and exhibits. Accordingly, it complies with the 25-page limit set by the Court's Standing Order.

Dated:  May 9, 2025                     By: */s/ Matt Kline*

                                        Daniel M. Petrocelli
                                        Matt Kline
                                        Amy R. Lucas
                                        O'MELVENY & MYERS LLP

                                        *Attorneys for Defendants*

DEFS.' MOT. TO STAY DISC.
2:25-CV-01429-CV (ADSx)