UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPERDINE UNIVERSITY,<br><br>              Plaintiff,<br><br>    v.<br><br>NETFLIX, INC., *et al.*,<br><br>              Defendants. | Case No. 2:25-cv-01429-CV (ADSx)<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY [43] DENYING MOTION FOR ORDER FOR A SCHEDULING CONFERENCE [59] AND DENYING MOTION TO AMEND CASE MANAGEMENT SCHEDULE [66]** |

On May 9, 2025, Defendants Netflix, Inc., Warner Bros. Entertainment Inc., and Kaling International, Inc. (collectively, "Defendants") filed a Motion to Stay Discovery Pending Motion to Dismiss ("Motion"). Doc. # 43 ("Mot."). Having reviewed and considered all the briefing filed with respect to the Motion, the Court finds that oral argument is not necessary to resolve the Motion, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I.    **INTRODUCTION**

Plaintiff Pepperdine University ("Plaintiff") filed the present action on February 20, 2025. Doc. # 1 ("Complaint"). The action was brought in Federal Court on the basis of

federal question jurisdiction. On March 28, 2025, Plaintiff filed a First Amended Complaint ("FAC"). Doc. # 36. The FAC asserts claims for (1) trademark infringement (15 U.S.C. § 1114); (2) contributory trademark infringement (15 U.S.C. § 1114); (3) false designation of origin (15 U.S.C. § 1125); (4) false advertising (15 U.S.C. § 1125); (5) violation of Cal. Bus. & Prof. Code § 14247; (6) violation of Cal. Bus. & Prof. Code § 17200; (7) violation of Cal. Bus. & Prof. Code § 17500; and (8) common law unfair competition. *See generally*, FAC. Plaintiff seeks entry of preliminary and permanent injunctions, treble damages, an order that Defendants account to and pay over to Plaintiff all profits derived from the alleged infringement, an order directing Defendants to engage in corrective advertising, attorney fees and costs, and prejudgment interest. FAC at Demand for Relief.

## II.    BACKGROUND

Plaintiff's claims are based on its ownership of three relevant trademarks, which it asserts Defendants have infringed upon in their television series. *See generally*, FAC.

Plaintiff filed the Complaint on February 20, 2025, along with an Application for a Temporary Restraining Order. Doc. # 2. On February 26, 2026, the Court denied Plaintiff's Application for a Temporary Restraining Order. Doc. # 26.

Pursuant to a stipulation between the parties, Plaintiff filed the FAC on March 28, 2025. Doc. # 36. On April 18, 2025, Defendants filed a Motion to Dismiss the FAC. Doc. # 40. On May 9, 2025, Defendants filed the present Motion.

On May 13, 2025, the Parties filed a joint Rule 26(f) report, which included each parties' proposed case schedule. Doc. # 44. On August 14, 2025, the Court issued its Scheduling and Trial Order, which set the trial date, discovery cut-offs, and related deadlines. Doc. # 58.

On September 4, 2025, Defendants filed a Motion for Order for a Scheduling Conference, which Plaintiff did not oppose. Doc. ## 59, 60.

Finally, on December 9, 2025, Defendants filed a Motion to Amend Case Management Schedule. Doc. # 66. Plaintiff opposed the Motion to Amend Case

Management Schedule, agreeing that an amendment was warranted, but proposing different dates. Doc. # 71.

## III.   **DISCUSSION**

A district court has discretionary authority to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

As courts in this district have held, a stay of discovery pending a motion may be appropriate if "(1) the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Salas v. Whirlpool Corp.*, No. 5:23-cv-01549-AB-KK, 2024 WL 6050054, at *1 (C.D. Cal. Apr. 1, 2024) (citing *Quezambra v. United Domestic Workers of America AFSCME Local 3930*, No. 8:19-cv-00927-JLS-JEM, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019)). Alternatively, Courts can "take a 'preliminary peek' at the merits of the motion to determine whether it may be granted. *Id.* (citing *Bride v. Snap Inc.*, No. 2:21-cv-06680-FWS-MRW, 2022 WL 17184600, at *2 (C.D. Cal. Oct. 21, 2022)). Finally, the Court may also consider any other factors particular to the case. *Id.*

Here, the Court finds that a stay of discovery is appropriate. Although generally the Court would not be inclined to grant a stay of discovery due to a pending motion to dismiss, the fact that the pending motion to dismiss here is dispositive, and is based on similar grounds to the arguments made by Defendants to successfully defend against the Application for a Temporary Restraining Order, the Court finds that a stay is appropriate.

## IV.   **CONCLUSION**

For the foregoing reasons, the court GRANTS Defendants' Motion to Stay Discovery, and orders that discovery is STAYED pending this Court's ruling on Defendants' Motion to Dismiss (Doc. # 40).

Additionally, in light of this Order, the pending Motion to Dismiss, and the concerns raised in the Motion to Amend Case Management Schedule, the Court vacates the

deadlines set in the Scheduling and Trial Order. The Court will re-set the dates upon the resolution of the Motion to Dismiss.

The Motion for Order for a Scheduling Conference (Doc. # 59) and the Motion to Amend Case Management Schedule (Doc. # 66) are therefore DENIED as moot.

**IT IS SO ORDERED**.

Dated: 1/20/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE